HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OVERLAKE HOSPITAL MEDICAL CENTER,<br><br>Defendant. | Case No. 2:25-cv-01711-RAJ<br><br>**DEFENDANT'S SURREPLY TO STRIKE ARGUMENT IN PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND**<br><br>NOTE ON MOTION CALENDAR: November 11, 2025 |

Pursuant to Western District of Washington Local Civil Rule 7(g), Overlake Medical Center & Clinics ("Defendant"), moves to strike Plaintiff's arguments in her Reply in Support of Her Motion to Remand, Dkt. No. 23 (the "Reply") that (1) the putative class is limited to "patients," and (2) the Class Action Fairness Act's ("CAFA") mandatory exception applies to this action.

First, Plaintiff's attempt on Reply to rephrase the putative class definition as "necessarily . . . patients" (Reply at 2:1) has no legal effect because it is inconsistent with the putative class definition in the complaint, which includes "[a]ll individuals" nationwide who visited Overlake's public website and "whose Private Information" [1] was allegedly "disclosed to a third party without authorization or consent as a result of visiting Defendant's Website." Dkt. No. 1, Ex. D ¶ 122. "In

[1] "Private Information" is broadly defined in the complaint to include "personally identifiable information" and "other information." *Id.* ¶ 2.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

exercising [CAFA] appellate jurisdiction, the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Under this standard, the Court must ignore Plaintiff's convenient rephrasing of the putative class as "patients" on Reply because it is inconsistent with the actual putative class definition.[2]

Second, Plaintiff purports to argue on Reply that both the mandatory and discretionary exceptions to CAFA should apply, yet simultaneously ***admits*** in her Reply that the mandatory CAFA exception does ***not*** apply and that this Court actually does have CAFA jurisdiction. *See* Reply at 2:2-3 (Plaintiff "readily concedes that this Court possesses CAFA jurisdiction based on minimal diversity"); *id.* at 10:14-15 (Plaintiff "is not arguing that the Court lacks CAFA jurisdiction—only that it ***should abstain from exercising*** that jurisdiction") (emphasis added).

Indeed, under the mandatory exception to CAFA jurisdiction, the Court ***shall decline*** to exercise jurisdiction only if Plaintiff can show by a preponderance of the evidence that "'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(4)(B)).

This concession is critical because it confirms Plaintiff's understanding that the Court is ***not required*** under the mandatory CAFA jurisdiction to remand this action back to state court. As a result, the only remaining question before this Court as to any CAFA exception[3] is whether, in Plaintiff's own words, this Court "should abstain from exercising" its discretion and remand the case back to state court under CAFA's ***discretionary exception***. *See* 28 U.S.C. § 1332(d)(3).

Given this concession, Defendant respectfully asks the Court to strike Plaintiff's argument in her Reply that the mandatory exception to CAFA applies here.

---

[2] Even Plaintiff's motion for remand did not argue that the putative class is limited to "patients" but rather argued it was "most likely to be Overlake's patients." Mot. at 2:5-6.

[3] Defendant has also raised a separate argument that Plaintiff should be judicially estopped from arguing against CAFA jurisdiction because she has previously asserted CAFA jurisdiction in the identical *Nienaber* case. Opp. at 7-9.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

DATED: November 14, 2025

Respectfully submitted,

*s/ Alexander Vitruk*

Alexander Vitruk, WSBA #57337
Logan F Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206-332-1380
Emails: avitruk@bakerlaw.com
lpeppin@bakerlaw.com

Paul G. Karlsgodt, WSBA #40311
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Tel: 303-861-0600
Email: pkarlsgodt@bakerlaw.com

*Attorneys for Defendant Overlake Medical Center & Clinics*

I hereby certify that this surreply contains 541 words in compliance with Local Civil Rules

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a true and correct copy of the foregoing document was served via CM/ECF and/or e-mailed to counsel below:

Jason T. Dennett, WSBA #36080
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Tel: (206) 682-5600
Emails: jdennett@tousley.com
rsolomon@tousley.com

Terence R. Coates (*pro hac vice forthcoming*)
Dylan Gould (*pro hac vice forthcoming*)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45028
Tel: (513) 651-3700
Emails: tcoates@msdlegal.com
dgould@msdlegal.com

Gary M. Klinger (*pro hac vice forthcoming*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Email: gklinger@milberg.com

Alexandra M. Honeycutt (*pro hac vice forthcoming*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (866) 252-0878
Email: ahoneycutt@milberg.com

Joseph M. Lyon (*pro hac vice forthcoming*)
Clint Watson (*pro hac vice forthcoming*)
**THE LYON FIRM**
2754 Erie Ave.
Cincinnati, Ohio 45208
Tel: (513) 381-2333
Emails: jlyon@thelyonfirm.com
cwatson@thelyonfirm.com

Bryan L. Bleichner (*pro hac vice forthcoming*)
Philip J. Krzeski (*pro hac vice forthcoming*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Emails: bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff and the Putative Class*

*s/Cheryl A. Phillips*
Cheryl A. Phillips
cphillips@bakerlaw.com